UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-153-HRW

ROGER D. CRISWELL,                                                              PLAINTIFF,

v.                **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant awarding Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. Specifically, the Plaintiff challenges the ALJ's finding regarding the onset date of disability. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on April 20, 2002 (Tr. 15), alleging disability beginning on April 19, 2002, due to a compression fracture in his back

and nerve problems (Tr. 15-16). The application was denied initially and on reconsideration (Tr. 15). On October 30, 2003, Administrative Law Judge Steven A. De Monbreum (hereinafter "ALJ") held an administrative hearing, wherein claimant, accompanied by counsel, testified (Tr. 15). At the hearing, Julie Morrissey, a vocational expert (hereinafter "VE"), also testified (Tr. 387).

Plaintiff was 50 years old at the time of the hearing decision (Tr. 18). He has the equivalent of a high school education (Tr. 18). His past relevant work experience consists of work as a boilermaker (Tr. 18).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not

prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 20, 2004, the ALJ issued his partially favorable decision finding that Plaintiff was disabled beginning July 20, 2003, (Tr. 11, 21). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability on April 19, 2002 (Tr. 19). The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative joint disease and degenerative disc disease, both conditions which he found to be "severe" within the meaning of the Regulations (Tr. 17). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 (Tr. 17). The ALJ determined at Step 4 that Plaintiff could not perform his past relevant medium work as a boilermaker during the period at issue (Tr. 18). The ALJ further concluded, at Step 5, that Plaintiff retained the residual functional capacity, reduced by certain exertional and non-exertional limitations, to perform a significant range of sedentary work, as identified by the VE and within the framework of the Medical-Vocational Guidelines (Tr. 19-20). The ALJ

nonetheless found that Plaintiff was disabled as of July 20, 2003, given that he was within six months of his 50th birthday at that time. Accordingly, the ALJ awarded disability insurance benefits pursuant to sections 216(i) and 223 of the Social Security Act and found that Plaintiff was disabled under section 1614(a)(3)(A), beginning July 20, 2003 (Tr. 20-21).

Plaintiff requested review with the Appeals Council, claiming that the ALJ did not consider the substantial evidence of record in determining the onset date of disability. The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 5, 2004 (Tr. 6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Record Nos. 6 and 7], and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

**B.     Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly found that Plaintiff's physical condition did not meet or equal a listing in 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 (listings) as a result of his back problems; (2) the ALJ improperly found that Plaintiff's depression was non-severe and substituted his opinion for those of the medical experts; and (3) the ALJ failed to accord proper deference to the opinions of his treating physicians.

-5-

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly found that Plaintiff's physical condition did not meet or equal a listing in 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 (listings) as a result of his back problems. Specifically, the ALJ found that the Plaintiff suffers from severe degenerative disc disease and degenerative joint disease but concluded that "neither impairment meets or equals the criteria of any listed impairment." (Tr. 17).

Plaintiff claims, however, that he meets Listing 1.05c and/or its equivalent, 1.04a (Plaintiff's Motion, pp. 35-36). Section 1.05c provides as follows:

> Other Vertebrogenic disorder(s) (i.e. herniated nucleous pulposus, spinal stenosis) with the following persisting for at least 3 months despite prescribed therapy and expected to last 12 months:
>
> 1. Pain, muscle spasm, and significant limitation of motion in the spine; and
> 2. Appropriate radicular distribution of significant motor loss with muscle weakness and sensory and reflex loss.

Section 1.04a states in pertinent part:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or

-6-

> muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg test (sitting and supine)....

20 C.F.R. pt. 404, subpt. P, app. 1, §§ 1.04, 1.04A. The Court finds Plaintiff's claim to be without merit.

Plaintiff "bears the burden of proof at step three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), citing *Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id.* Plaintiff must present specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990).

Plaintiff contends that the ALJ improperly rejected the opinions of his treating physician, Dr. Ray Kleykamp, and that of Dr. Phillip Tibbs that Plaintiff met or equaled 1.05c. The Court disagrees. It is true that the medical and diagnostic opinions of treating physicians "are generally accorded substantial deference, and if the opinion is uncontradicted, complete deference." *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). However, such deference is due "only if the treating physician's opinion is based on sufficient medical data." *Houston v. Secretary of HHS*, 736 F.2d 365, 367 (6th Cir. 1984). In other words, the weight given a physician's opinion depends upon the extent it is supported by objective medical signs and laboratory findings, and is consistent with the record as a whole. *See*, 20 C.F.R. §§ 404.1527(d), 416.927(d).

Despite Plaintiff's contentions to the contrary, the Court concludes that Dr. Kleykamp's opinion that Plaintiff met or equaled Listing 1.05c, was not entitled to controlling weight, as there was contradictory evidence of record. While the ALJ did not specifically discuss whether Plaintiff meets or equals Listings 1.05c or 1.04a, the ALJ noted specific evidence contradicting the opinion of Dr. Kleykamp. Specifically, in the hearing decision, the ALJ referenced a June 26, 2002, report by Dr. Jules Barefoot (Exhibit 11F) which reveals that Plaintiff did not meet the elements of the claimed Listing at that time (Tr. 16, 219, 298). In the report, Dr.

-8-

Barefoot described a negative straight-leg raising test (Tr. 219) and stated that the Plaintiff had "no focal motor or sensory deficits" (Tr. 219). As Dr. Barefoot's report reveals that Plaintiff was not suffering from motor or sensory loss on June 26, 2002, as is required to meet either Listing 1.05c or 1.04a, the Court finds Plaintiff's claim that he met or equaled the Listings as of April 19, 2002, to be without merit.

Moreover, as pointed out by the Defendant, Dr. Tibbs' opinion that Plaintiff met or equaled Listing 1.05c was not entitled to controlling weight, as Dr. Tibbs was not a treating physician. Plaintiff alleges to have seen Dr. Tibbs only one time, on June 12, 2002 (Tr. 276). Additionally, Dr. Tibbs' examination findings do not reveal that Plaintiff met or equaled Listing 1.05c – to the contrary, the findings revealed no weakness or numbness, but rather, an intact sensory examination (Tr. 276). In light of the foregoing, the Court concludes that the ALJ properly rejected the opinions of Dr. Kleykamp and Dr. Tibbs that Plaintiff met or equaled listing 1.05c.

Plaintiff further suggests that the ALJ did not discuss the evidence of certain elements of Listings 1.05c and 1.04a, specifically, positive straight leg raising at the right and radiculopathy. However, neither positive straight leg raising nor radiculopathy suffice to meet the claimed Listings, which also require evidence of

motor loss accompanied by sensory and reflex loss. As Plaintiff failed to present specific medical findings with regard to all of the elements of either Listing 1.05c or 1.04a, as is required to satisfy his burden of proof at step three to demonstrate that he has or equals the listed impairments, the Court concludes that substantial evidence supports the ALJ's determination that Plaintiff did not meet or equal a listed impairment.

The Plaintiff's second claim of error is that the ALJ improperly found that Plaintiff's depression was non-severe and substituted his opinion for that of her medical experts. The Court finds this argument to be without merit.

A severe impairment is defined as an impairment which "significantly limits [one's] physical or mental ability to do basic work activity." 20 C.F.R. §§ 404.1520(c) and 416.920(c). Basic work activity is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b) and 416.921(b). Examples include: walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, speaking, understanding and carrying out simple instructions, use of judgment, responding to supervision, coworkers, and ususal work settings, and dealing with changes in routine. *Id.* As correctly pointed out by the Defendant, "[a]n impairment is not severe if it is a slight abnormality or combination of abnormalities which would have no more than a minimal effect on

the individual's physical or mental ability to perform basic work activities. See, 20 C.F.R. §§ 404.1521(a) and 416.921(a); *Farris v. Secretary of Health and Human Services*, 773 F.2d 85, 89-90 (6th Cir. 1985); Social Security Ruling (SSR) 85-28 (cum.ed. 1985).

The Court finds that there was substantial evidence supporting the ALJ's determination that Plaintiff's depression was non-severe. The ALJ reviewed Plaintiff's ailments and discussed the reasons for his determination that Plaintiff's depression was non-severe. First, the ALJ determined that Plaintiff was not taking anti-depressants as recommended by his mental health providers (Tr. 17, 344, 364). As correctly noted by the Defendant, "[a] claimant's treatment history is a factor the ALJ may consider in assessing his complaints." See, 20 C.F.R. §§ 404.1529 (c) (3), 416.929(c)(3), SSR 96-7p, 61 Fed. Reg. 34483, 34487 (1996). The ALJ properly considered this factor and determined that Plaintiff's treatment history was inconsistent. The ALJ also properly rejected Plaintiff's excuse that he could not afford anti-depressants, given Plaintiff's testimony at the hearing that cost was not really the factor, but rather, that he felt that anti-depressants did not help (Tr. 421).

Moreover, the ALJ noted that "claimant offered no credible explanation in his testimony as to why he could not afford to undergo further treatment if he was

-11-

severely depressed, i.e. he had a good source of income in the form of worker's compensation and his wife worked." (Tr. 17). It is well established that "an ALJ may properly consider the credibility of the claimant." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). An ALJ's findings "based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness' demeanor and credibility." *Id.* Thus, as the ALJ's findings with regard to Plaintiff's credibility are to be accorded deference, the Court concludes that the ALJ properly rejected Plaintiff's excuses for failing to take his medication.

Plaintiff further argues that the ALJ improperly disregarded the opinions of Plaintiff's treating psychiatrist, Dr. Scott Lance; Plaintiff's treating physician, Dr. Ray Kleykamp; and Plaintiff's neuropsychiatrist, Robert P. Granacher, in determining that Plaintiff's depression was non-severe (Plaintiff's Motion, p. 38).

As the Court has already noted, the weight given a physician's opinion depends upon the extent it is supported by objective medical signs and laboratory findings, and is consistent with the record as a whole. *See*, 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ properly gave less weight to the opinions of Dr. Lance and Dr. Granacher, as the ALJ found that those opinions were not supported by objective medical signs and laboratory findings. Specifically, while

Dr. Lance and Dr. Granacher considered Plaintiff to be suffering from depression and anxiety, the ALJ found that "the medical records to not reflect that the claimant's depression had more than a minimal effect on his ability to function, and the claimant admitted in his testimony that his pain was his most limiting factor." (Tr. 17). As noted by the ALJ, during examinations, Dr. Lance considered Plaintiff's insight and judgment to be fair and his concentration and memory intact, despite Plaintiff's failure to take prescribed medications (Tr. 16, 344). Plaintiff was also able to comprehend test instructions during a lengthy examination and complete a 23 page medical questionnaire (Tr. 16-17, 357).

Moreover, while Dr. Kleykamp opined that Plaintiff suffers from depression and anxiety (Tr. 304, Plaintiff's Motion at 39), and Dr. Templin was concerned about Plaintiff's mental health (Plaintiff's Motion at 40), neither doctor is a mental health specialist. As correctly point out by the Defendant, specialization is a factor to be considered in weighing medical opinions. See, 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5).

As the record contains evidence which conflicts with the opinions of Plaintiff's treating physicians, the ALJ properly performed his duty as trier of fact in resolving the conflicting evidence. *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) ("This Court may not

try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility."). The Court therefore concludes that the ALJ's finding that Plaintiff's depression was non-severe is supported by the substantial evidence of record (Tr. 259).

The Plaintiff's third claim of error is that the ALJ failed to accord proper deference to the opinions of his treating physicians. First, Plaintiff maintains that, in reaching his decision, the ALJ ignored or gave less weight to Dr. Kleykamp's opinions, which assessed limitations that exceeded those found by the ALJ. Specifically, Dr. Kleykamp's opined that the Plaintiff was "totally disabled and would never return to work" and that Plaintiff "could not sit more than three hours a day or stand or walk more than one hour" (Tr. 16).

Although the Plaintiff does not explicitly state as much, the Court presumes the Plaintiff places great emphasis on Dr. Kleykamp's statement that the Plaintiff is "totally disabled" and "would never return to any work" (Plaintiff's Motion, p. 44). The Court notes, however, that "the issue of total disability is an administrative finding that is reserved to the Commissioner. 20 C.F.R. 404.1527(e), 416.927(e), and SSR 96-5p.

Moreover, it appears to the Court that the ALJ was well within his discretion to reject Dr. Kleykamp's opinion that Plaintiff "could not sit more than

three hours a day or stand or walk more than one hour" (Tr. 16). The weight given a physician's opinion depends upon the extent it is supported by objective medical signs and laboratory findings, and is consistent with the record as a whole. See, 20 C.F.R. §§ 404.1527(d), 416.927(d). Further, the treating physician's opinions may be rejected when good reasons are identified for not accepting them. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988).

The ALJ identified reasons for not giving Dr. Kleycamp's assessment controlling weight. Specifically, the ALJ found that Dr. Kleykamp's opinion conflicts with other medical evidence in the record, in that Plaintiff's ability to endure a 7 ½ hour examination and independently complete a 23-page medical questionnaire, "in conjunction with his admitted daily activities, are inconsistent with severe pain and related manifestations that interfere with his ability to sit for prolonged periods of time or that preclude all work-related activity." (Tr. 17). The ALJ properly found that Dr. Kleykamp's opinion that Plaintiff could not sit more than three hours a day or stand and walk more than one hour a day "was not supported by other evidence of record" and "it was not consistent with the claimant's own admitted daily activities and subjective limitations" (Tr. 18).

Moreover, for the reasons already discussed by the Court herein, the Court concludes that the ALJ also accorded proper weight to the opinions of Drs. Tibbs,

Granacher, and Lance. Accordingly, the Court finds that the ALJ accorded proper weight to the opinions of Plaintiff's treating physicians.

For the foregoing reasons, the Court concludes that substantial evidence supports the ALJ's determination as to the onset date of disability. As stated *supra*, the ALJ's decision is not subject to reversal, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The Plaintiff has failed to prove that the ALJ did not reach his conclusion based on substantial evidence.

### III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 17 day of August, 2005.

Henry R. Wilhoit, Jr.
Senior U.S. District Judge